LAWSON, J., dissenting.
In order for a juvenile nonhomicide offender to be entitled to resentencing pursuant to Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the offender's sentence must not afford the offender a meaningful opportunity for release from incarceration during his or her lifetime. Henry v. State , 175 So.3d 675, 679-80 (Fla. 2015). Although this Court in Kelsey v. State , 206 So.3d 5, 11 (Fla. 2016), seems to have held that Graham requires resentencing for all "juvenile offenders *246 who are sentenced to terms longer than twenty years," I agree with Justices Lewis, Canady, and Polston that Graham cannot be read as requiring the resentencing of a juvenile nonhomicide offender unless that offender was sentenced to life, or the functional equivalent of life, without an opportunity for early release. Kelsey , 206 So.3d at 14 (Polston, J., dissenting). Because Morris's sentences in this case are not unconstitutional under Graham , as the Second District held below, I would approve the Second District's decision and recede from Kelsey to the extent that it requires resentencing of juvenile nonhomicide offenders who were not sentenced to life or its equivalent. I would also recede from Lee v. State , 234 So.3d 562, 563-64 (Fla. 2018), and the statement quoted from Johnson v. State , 215 So.3d 1237 (Fla. 2017), which are cited by the majority as the basis for its decision, but which simply applied the erroneous rule announced in Kelsey .
CANADY and POLSTON, JJ., concur.